**DARLINGTON v DILLON, et**

Ohio Appeals, 2nd Dist, Greene Co

No. 454.  Decided Nov. 16, 1939

Miller & Finney, Xenia, for defendant-appellee.

Harry D. Smith, Dayton, and John Gibney, Xenia, for Laura Poague, defendants-appellants.

Shaman, Winer and Shulman, Dayton, for Ralph Dillon, defendant-appellant.

Charles F. Points, Xenia, for Iola Lindsay.

## OPINION

By GEIGER, J.

In the Court below Louise S. Darlington, as executrix of the Last Will and Testament of Helen Boyd, deceased, plaintiff, filed her action against Grace Galloway, and a large number of other defendants, seeking the construction by the Court of certain items of the last will and testament of Helen Boyd, who died on the 5th day of September, 1938.

Plaintiff states that she has been requested in writing by Grace Galloway, next of kin and legatee, to ask the Court for a construction and interpretation of said will, and that she is in doubt as to the proper construction in the particulars set out, the plaintiff enumerating fifteen different provisions of which she asks construction.

The Court made a finding of fact and conclusions of law as to all of said requests, with one exception. However, only Requests 8 and 9, and the finding of the Court in reference thereto, is brought to our attention by the appeal in this case.

Request No. 8 is, "Who is 'Ralph' and what is meant by 'Ralph's Bonds' "?

Request No. 9 is, "What is meant by 'Three of Ralph's bonds to Ralph—one to Laura Poague and 1 to Jane Hurty of Columbia, Mo.' "?

On the hearing of the case before the Court, there was a stipulation as to certain facts, and the evidence was confined to the testimony of two witnesses and certain exhibits.

Thereupon, the Court made the finding of facts and conclusions of law—

"That the phrase in said willl 'three of Ralph's bonds to Ralph' is a reference to Ralph M. Dillon, formerly a resident of Xenia, Ohio, now a resident of St. Petersburg, Florida; that the said Ralph M. Dillon was a personal friend of the said Helen Boyd, and survived her, and is living at the date of this hearing."

The Court makes a finding of facts based upon the testimony as introduced in this case.

As a conclusion of law, the Court states the answer to Requests 8 and 9 is that—

" 'Ralph' refers to Ralph Dillon, and 'Ralph's Bonds', refers to five one thousand dollar bonds of the Southern Art Engraving Company, Inc., which said bonds were not in existence, and had been disposed of and were no longer a part of testatrix' estate at the time of her death; the court further finds that so far as this item is concerned the legacy was extinguished, and the legatees' rights gone, and that neither Ralph Dillon, Laura Poague or Jane Hurty are entitled to anything under this clause as to 'Ralph's Bonds'."

The finding of facts and conclusions of law were incorporated in an entry of the Court under date of August 9, 1939, being substantially the same as the formal finding of facts, but somewhat more in detail—

"The answer to Questions 8 and 9 is that 'Ralph' refers to Ralph Dillon, and 'Ralph's Bonds' refers to five one thousand dollar bonds of the Southern Art Engraving Company, Incorporated, which said bonds shortly prior to the acknowledgment of the will, had been returned to Ralph Dillon, for which he gave her a note for Five Thousand Dollars ($5,000.00), payable at the rate of One Thousand Dollars ($1,000.00) per year, and dated March 31st, 1934, not secured by mortgage, but which said note was exchanged on June 12th, 1934, for a new note of Five Thousand Dollars ($5,000.00), secured by mortgage on real estate, and that thereafter and subsequent to the acknowledgment of the will, Ralph Dillon paid Helen Boyd Twenty Five Hundred Dollars ($2,500.00) on said note, and the note was reduced to Twenty Five Hundred Dollars ($2,500.00), a new note given in that amount secured by mortgage on real estate, and that the bonds that Helen Boyd sought to bequeath

were the bonds of the Southern Art Engraving Company, Incorporated, and were not in existence and had been disposed of, and were no longer a part of the estate of the testatrix at the time of her death, and that as to this item of the will the legacy was extinguished, the right of the legatees is gone, and that neither Ralph Dillon, Laura Poague nor Jane Hurty are entitled to anything under this clause as to 'Ralph's Bonds'."

To this judgment of the Court, notice of appeal is given on questions of law and fact.

The appellants assign as · error the single issue that the trial court erred in his construction of the clause in reference to "Ralph's Bonds", as being contrary to his finding of facts and contrary to law.

No other issue is before this Court.

We have read the agreed statement of facts, the record and have examined the exhibits, and come to the conclusion that the Court has correctly found the facts, in reference to these bonds.

The question remains as to whether the Court correctly applied the law to the facts so by him found.

The contention of the appellants is that the testatrix intended to bequeath Ralph's Bonds, or the debt that replaced the bonds, 3/5 to Ralph Dillon, 1/5 to Laura Poague and 1/5 to Jane Hurty.

It is urged that it is duty of the trial court in the construction of a will to supply defects and to note the language of the testatrix, and that the Court is not required to rigidly follow the exact words used in the will as to their proper meaning, and is allowed to go into surrounding circumstances to determine the intention of the testatrix.

Another rule asserted is that set out in 41 O. Jur. 579, §458, to the effect that where the language in a will is equally susceptible of two different constructions, one of which will defeat, and the other sustain its provisions, the doubt should be resolved in favor of the construction which will give effect to the will· and that· that construction is to be adopted which will sustain the will in all its parts.

Counsel for appellant also urge the rule found in 41 O. Jur., p. 616 to the effect that the doctrine of false demonstration permits the introduction of extrinsic evidence to enable the court to strike out or disregard the false or erroneous part of a description in a will, and to apply the remaining part by determining the person or property designated therein, where enough remains of said description to form the basis of identification.

. It is urged that in the case at bar, the testatrix, on April 6, 1934, surrendered the bonds of · the Southern Art Engraving Company's Bonds; that in the mind of the testatrix, the bonds or the debt were Ralph's bonds or debt and it is pointed out that two days after the surrender of the bonds, to-wit, on April 8, 1934, the testatrix executed her will in which she bequeathed three of Ralph's bonds to Ralph, one to Laura Poague and one to Jane Hurty, of Columbia, Mo.

It is asserted that she intended ·to give part of her estate to Ralph Dillon, and that on the day she made the will, the $5,000.00 note received in exchange for the bonds was the only property of Ralph Dillon, in which she had any interest, and that it is clearly deductible that in writing her will she had in mind the debt owed to her by Dillon, and so intended to bequeath 3/5 thereof to Dillon, 1/5 to Laura Poague, and 1/5 to Jane Hurty.

It is urged that the fact that she called this debt a bond did not alter the intention of the testatrix.

It is urged that neither of the notes created a new debt, but were the same obligation on Ralph's part, as was created when the testatrix purchased the bonds from Ralph Dillon, in 1928, they being bonds of a Company exclusively owned by Ralph Dillon.

Counsel cites the case of **Merrick v Merrick, 37 Oh St 126; Charch v Charch, Exr. 57 Oh St 561; Walsh v Walsh, et, 13 Oh Ap 315,** as upholding his conten-

tion that the Court has the power in the construction of a will, where there has been a mistake, to remedy the mistake and supply the defect, and so construe the language as to carry into effect the intention of the testatrix.

Counsel claim the doctrine of false demonstration attaches to the debt, and that the debt was evidenced by the $2,500.00 note of Ralph Dillon, held by the testatrix at the time of her death, and that by the will, $1,500.00 was bequeathed to Ralph Dillon, $500.00 to Laura Poague, and $500.00 to Jane Hurty.

Counsel for appellees answer that mistakes of the testatrix cannot be corrected generally, since the Court cannot write a will for the decedent, citing 28 R. C. L., p. 278, para. 249, to the effect that the rule in construction is fundamental, that there can be no reformation of the instrument on the ground of mistake, accident or surprise, because the author is dead, and his intent can only be known from the language he has used.

The mistake must be apparent on the face of the will, and so apparent that the correction may be made by a proper construction of the terms of the will.

Counsel also cites 94 A. L. R., 65-74. See also Id, 128.

It is asserted that the cases cited by counsel for appellant have no pertinency, counsel pointing out the distinctions between the cited cases and the case at bar.

Counsel for appellees states that the principle governing this case is simply to the effect that if the identical thing bequeathed is not in existence, or has been disposed of, so that it does not form a part of the testator's estate at the time of his death, the legacy is extinguished or adeemed, and the legatee's rights are gone.

Citing 28 R. C. L., 345-6, Sec. 341.

It is urged that the gift of Ralph's Bonds means that there is a specific bequest of definitely identified property; that the bonds were one thing and the note another.

We have examined all the authorities cited by each counsel, and many others, and come to the conclusion that the position taken by appellees is correct; that the testatrix in describing "Ralph's Bonds" had in mind the bonds which she had purchased from him, and which afterward, at or near the time she made the will (whether before or after not being definitely determined) she re-sold to him, taking therefore the $5,000.00 promissory note, one-half of which, together with the interest was afterwards repaid to her.

There does not appear to be any mistake as to what the testatrix had in mind, neither is there any occasion to apply the doctrine of false demonstration. When she made the will the bonds may or may not have been hers. If they were then owned by her and she afterwards sold them, taking notes in payment, the bequests of the specific bonds failed; if they were not owned by her at the time she made the will, then she bequeathed nothing.

It cannot be asserted that the testatrix was not familiar with the difference between bonds and promissory notes. She urged the payment of the interest on the notes and renewed the same, with mortgage security.

The return of the County Auditor of his appraisement enumerates more than twenty items of investment, including common and preferred stocks, many of which were worthless, as well as some bond items.

We find no error in the judgment of the Court below.

Judgment affirmed, cause remanded. Entry accordingly.

HORNBECK, PJ. & BARNES, J., concur.